```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ACE AMERICAN INSURANCE COMPANY    :     CIVIL ACTION
                                  :
          v.                      :
                                  :
FUJIFILM SMART SURFACES, LLC,     :
et al.                            :     NO. 11-3435
```

MEMORANDUM

Bartle, J.                                         December 1, 2011

Plaintiff Ace American Insurance Company, as subrogee of Joseph P. Morris and Marybeth Morris, filed this action against the defendants Fujifilm Smart Surfaces, LLC ("Fujifilm") and Carr Creek Marina ("Marina") for breach of contract, negligence, breach of warranty, and breach of bailment in connection with damage to a yacht and sail boat at the Marina. Plaintiff brings its action under the Suits in Admiralty Act, 46 U.S.C. § 30901, et seq. and alternatively under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 et seq.

Before the court is the motion of the Marina to dismiss the complaint as well as Fujifilm's cross-claim for lack of subject matter jurisdiction for failure to name as a defendant the United States, rather than the Marina. Plaintiff has also moved to amend its complaint to substitute the United States as a party if this court lacks jurisdiction over the complaint because of this omission. Fujifilm seeks leave to amend its cross-claim

to name the correct party and/or to join third party defendant, that is, the United States.

I.

As the Marina makes a facial challenge to the court's subject matter jurisdiction, we will accept as true all well pleaded facts set forth in the complaint. <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).

Plaintiff alleges that Joseph Morris and his wife owned a 42 ft. sailing yacht.  Applied to its hull was a silicone-based anti-fouling coating which Dr. Morris had developed while working for the Navy and which he had further developed with Fujifilm after he had retired from that position.  Following Dr. Morris' death in September, 2008, the yacht was put up for sale. Fujifilm agreed to remove its proprietary coating from the yacht and recoat it at its own expense.  While in Fujifilm's care, the yacht was moved from one onshore location at the Marina to another to facilitate the removal of the old coating and the application of the new.  Before the recoating had been completed, the vessel "toppled off" the jackstands on which it rested.  This caused substantial damage to the yacht as well as to an adjacent sail boat.[1]

The complaint states that the Marina is a division of the United States Navy Morale, Welfare and Recreation Department

---

1. The plaintiff apparently paid for the property damage to the yacht, and it now seeks to recover from those allegedly responsible for the damage.

and operates the Marina in Annapolis, Maryland.  See ¶ 8 of the Compl.  A contract between the Marina and Joseph Morris entitled "Boat Haul, Wash, Launch and Storage Agreement," dated November 20, 2007, identifies the Marina as a "Naval Support Activity Annapolis, MWR Department."  The agreement further provides that Morris:

> agrees to indemnify and hold harmless the United States, the Department of the Navy, its military and civilian personnel from any liability in the leasing of mooring or storage facilities and use of any mooring or storage facility equipment.  It is also expressly understood that Patron [Morris] shall indemnify and hold harmless Navy Morale, Welfare and Recreation Division, the installation's Morale, Welfare and Recreation activity, the MWR Marina, and its personnel, in the event that negligence or other fault of the MWR Marina caused or contributed to the loss or claim.

II.

It is undisputed that the Marina is an agency or operation of the United States, specifically a part of the Department of the Navy.[2]  It is well established that the United States as a sovereign is immune from suit except to the extent it has expressly waived that immunity.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  Under the Suits in Admiralty Act,

---

2.  The proposed First Amended Complaint restates ¶ 8 of the Complaint to read:

> Defendant United States is, upon information and belief, the owner of Carr Creek Marina, which is operated by the United States Navy Morale, Welfare and Recreation Department and located at 89 Bennion Road, Annapolis, MD 21402.

Congress has authorized a civil action in admiralty in personam to be brought against the United States or a federally owned corporation only and not otherwise.  46 U.S.C. § 30904; <u>Petition of the United States</u>, 367 F.2d 505, 511 (3d Cir. 1966).  For admiralty jurisdiction to attach for a tort, the wrong must have happened on navigable waters or on land caused by a vessel on navigable waters.  <u>See</u> <u>Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 534 (1995).

According to the complaint, the incident did not occur on navigable waters.  Instead, the damage to the vessels arose out of activity that took place on land while the vessels were on land.  Further, the United States has not been sued.  Consequently, this court has no jurisdiction over this action under the Suits in Admiralty Act for any claims in tort.  <u>Id.</u>

Alternatively, plaintiff has sued the Marina under the Federal Tort Claims Act, which also waives the Government's sovereign immunity to the extent set forth.  <u>See</u> 28 U.S.C. §§ 1346(b)(1), 2674.  The only proper defendant under the Act is the United States.  No agency or employee of the federal government may be sued.  <u>See</u> 28 U.S.C. § 2679(a), (b)(1).

In addition, a plaintiff may not institute an action against the United States for any property loss or personal injury or death arising out of the negligence or wrongful act or omission of any government employee acting within the scope of his or her employment without first having presented a claim to the appropriate federal agency.  <u>See</u> 28 U.S.C. §§ 2401(b) and

2675.  Failure to do so deprives this court of subject matter jurisdiction.  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  Since plaintiff has failed to make an administrative claim before bringing this lawsuit, this court lacks subject matter jurisdiction over all claims cognizable under the Federal Tort Claims Act.

Plaintiff also asserts claims in the nature of a breach of a marine contract.  The only contract brought to the court's attention is the "Boat Haul, Wash, Launch and Storage Agreement" between the Marina and Joseph Morris.  See ¶ 8 of the Compl.  Under the Contract Disputes Act, 41 U.S.C. §§ 7101 et seq., an administrative claim under a maritime contract is a predicate to any lawsuit on a contract to which the Government is a signatory. Bethlehem Steel Corp. v. Avondale Shipyards, Inc., 951 F.2d 92, 93-94 (5th Cir. 1992).  As the Court of Appeals for the Federal Circuit has explained, "before an action involving a maritime contract to which the Government is a party may proceed to district court, the contractor or agency must first present a claim to the contracting officer."  Dalton v. Southwest Marine, Inc., 120 F.3d 1249, 1251 (Fed. Cir. 1997); see also 41 U.S.C. § 7103.  Again, plaintiff has failed to plead that it has followed the required administrative procedures.  As a result, its contract claims must be dismissed for lack of subject matter jurisdiction.  See Bethlehem Steel, 951 F.2d at 93-94.

Finally, plaintiff pleads a claim for breach of bailment.  To the extent it sounds in tort, the court lacks

subject matter jurisdiction because of plaintiff's failure to file an administrative claim as required under the Federal Tort Claims Act.  See 28 U.S.C. § 2675.  To the extent it is a contract claim, it must be dismissed for want of jurisdiction because plaintiff did not make an administrative filing as mandated by the Contract Disputes Act.  Bethlehem Steel, 951 F.2d at 93-94.

### III.

Plaintiff moves to file an amended complaint if its complaint does not survive.  The proposed amended complaint, which seeks to substitute the United States as a defendant in place of the Marina, does not remedy the jurisdictional deficiencies noted above and amounts to a futile exercise.  See Fed. R. Civ. P. 15; Foman v. Davis, 371 U.S. 178, 182 (1962).  Accordingly, the motion to amend the complaint will be denied.

The defendant Fujifilm has also moved for leave to amend its cross-claim to name the United States in place of the Marina and/or to join the United States as a third party defendant.  For the reasons stated above, the motion fails since no administrative claims against the United States were first presented under either the Federal Tort Claims Act or the Contract Disputes Act and the United States has not otherwise waived its sovereign immunity.

### IV.

The court will grant the motion of defendant Marina to dismiss the complaint and cross-claim for lack of subject matter

jurisdiction.  It will deny the motion of the plaintiff to file an amended complaint and the motion of Fujifilm to amend its cross-claim and to name the United States as a third party defendant.