```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ACE AMERICAN INSURANCE COMPANY   :    CIVIL ACTION
                                 :
            v.                   :
                                 :
FUJIFILM SMART SURFACES, LLC,    :
et al.                           :    NO. 11-3435
```

MEMORANDUM

Bartle, J.                                       January 10, 2012

       Before the court is the motion of defendant Fujifilm Smart Surfaces, LLC ("Fujifilm") for reconsideration of the court's December 1, 2011 Order granting the motion of Carr Creek Marina ("Marina") to dismiss the crossclaim of defendant Fujifilm for lack of subject matter jurisdiction and denying Fujifilm's motion to amend its crossclaim to name the correct party and/or to join third-party defendant, that is, the United States.

       To obtain reconsideration of a court's decision, a party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Fujifilm argues that reconsideration is required under the third component of this test.

Plaintiff Ace American Insurance Company, as subrogee of Joseph P. Morris and Marybeth Morris, filed this action for breach of contract, negligence, breach of warranty, and breach of bailment in connection with damage to a yacht and sail boat at the Marina.  Plaintiff brought its action under the Suits in Admiralty Act ("SAA"), 46 U.S.C. § 30901, et seq. and alternatively under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq.  The complaint stated that the Marina is a division of the United States Navy Morale, Welfare and Recreation Department and operates the Marina in Annapolis, Maryland.  See ¶ 8 of the Compl.  According to plaintiff, the yacht was also in the care and control of Fujifilm when it was damaged.  Fujifilm filed a crossclaim against the Marina alleging that the Marina was solely liable to plaintiff.

The Marina thereafter filed motions to dismiss plaintiff's complaint and Fujifilm's crossclaim for lack of subject matter jurisdiction for failure to name as a defendant the United States, rather than the Marina.  Fujifilm countered with a responsive brief and with a motion for leave to amend its crossclaim to name the United States as a defendant and/or join the United States as a third-party defendant.  The Marina in turn filed a responsive brief to Fujifilm's motion in which the Marina contended that the proposed amendment would be futile since neither Ace nor Fujifilm had exhausted its administrative remedies as required under the FTCA and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101 et seq.  Fujifilm did not file a reply

and consequently never addressed the Marina's arguments in this regard.

In an Order dated December 1, 2011, the court granted the Marina's motions to dismiss plaintiff's complaint and Fujifilm's crossclaim for lack of subject matter jurisdiction. The court reasoned in the accompanying memorandum that it had no jurisdiction under the SAA because it was not alleged that the wrong took place on navigable waters or on land caused by a vessel on navigable waters.  See Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).  The court further determined that the Marina could not be sued under the FTCA because the only proper defendant under the FTCA is the United States, not an agency of the federal government such as the Marina.  See 28 U.S.C. § 2679(a), (b)(1).

In the same Order, the court denied both the motion of plaintiff to file an amended complaint and the motion of defendant Fujifilm for leave to amend its crossclaim to name the correct party and/or to join third-party defendant.  In the accompanying memorandum, the court reasoned that the amendments would be futile since no administrative claims were filed as required under 28 U.S.C. § 2675(a) and 41 U.S.C. § 7103.

Fujifilm now contends that this court did not consider language in the FTCA, specifically 28 U.S.C. § 2675(a), that excludes crossclaims from the requirement of filing an administrative claim prior to filing claims with a court of law against the United States.

Fujifilm, as noted above, did not file a reply to the Marina's opposition to Fujifilm's motion for leave to amend. Thus, this is the first time Fujifilm has presented its current argument to the court. Courts generally grant motions for reconsideration infrequently and in particular do not often do so when legal arguments are raised for the first time in the post-judgment motion. See Kiewit E. Co. v. L&R Constr. Co., 44 F.3d 1194, 1204 (3d Cir. 1995).

In any event, 28 U.S.C. § 2675(a) does not provide any basis for this court to reconsider its decision to grant the Marina's motion to dismiss the crossclaim of defendant Fujifilm and deny Fujifilm's motion to amend its crossclaim and/or to join the United States as a third-party defendant. That statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

The crossclaim exception in 28 U.S.C. § 2675(a) does not apply here.  Although generally federal courts maintain jurisdiction over crossclaims even when the plaintiff's claim against the primary defendant has been dismissed, "if a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any crossclaims dependant upon ancillary jurisdiction must fall as well, because it is the plaintiff's claim - to which the crossclaim is ancillary - that provides the derivative source of jurisdiction for the crossclaim." See Fairview Park Excavating Co. v. Al Monzo Constr. Co., 560 F.2d 1122, 1125 (3d Cir. 1977).

Fujifilm's crossclaims against the Marina consequently failed for lack of subject matter jurisdiction because the plaintiff's claims against the Marina were dismissed for lack of subject matter jurisdiction.  Id.  Furthermore, the purpose of the crossclaim exception in 28 U.S.C. § 2675(a) is to relieve a crossclaimant of any need to file an administrative claim against the government if the government is already on notice of a claim based on the same transaction or occurrence due to proper administrative procedures having been followed with respect to the plaintiff's claim against it.  Here, no administrative claim was filed, and therefore the government was never put on notice.  The FTCA and CDA provide only limited waivers of sovereign immunity, and before any waiver occurs, a plaintiff must file an administrative claim.  See 28 U.S.C. § 2675(a), 41 U.S.C. § 7103; see also Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003);

Bethlehem Steel Corp. v. Avondale Shipyards, Inc., 951 F.2d 92, 93-94 (5th Cir. 1992).

In the alternative, Fujifilm seeks to file a third-party complaint against the Marina.  This procedure is governed by Rule 14 of the Federal Rules of Civil Procedure.  Rule 14(a)(1) provides, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  See Fed. R. Civ. P. 14(a)(1).  In this case, Fujifilm alleges that the plaintiff's damages were "caused solely" by the Marina.  However, Rule 14 only permits the filing of a third-party complaint against a party who may be liable to the third-party plaintiff, not the original plaintiff, for all or part of the claim against the third-party plaintiff.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368 n.3.  By alleging that the United States is solely liable to the plaintiff, rather than in whole or in part to Fujifilm itself, Fujifilm failed properly to join the United States as a third-party defendant under Rule 14.  As a result, we need not consider any other reasons why a third-party complaint would be improper.

The court made no clear error of law, and the motion of Fujifilm for reconsideration will be denied.